# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS
No. 16-499V
Filed: June 20, 2025

```
* * * * * * * * * * * * * * * * * * * * * * * *
JULIAN HENLEY,                          *
                                        *
                    Petitioner,         *
        v.                              *
                                        *
SECRETARY OF HEALTH                     *
AND HUMAN SERVICES,                     *
                                        *
                    Respondent.         *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Richard Gage, Richard Gage, P.C., Cheyenne, WY, for petitioner.*
*Colleen Hartley, United States Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth,** Special Master:

On April 22, 2016, Julian Henley ("Mr. Henley" or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq*.[2] (the "Vaccine Act" or "Program"). Petitioner alleged that he developed pemphigus vulgarus ("PV") after receiving a Hepatitis B vaccination on April 3, 2015. *See* Petition ("Pet."), ECF No. 1. Petitioner filed for and was awarded interim attorneys' fees and costs on October 5, 2022. ECF No. 156. A ruling on entitlement issued on April 25, 2024, finding petitioner entitled to compensation. ECF No. 178. Thereafter, the parties engaged in settlement discussions regarding damages. A decision awarding damages that adopted the parties' proffer was issued on April 23, 2025. ECF No. 213.

---

[1] Because this decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On May 7, 2025, petitioner filed a Motion for Final Attorneys' Fees and Costs pursuant to Section 15(e) of the Vaccine Act. In his original motion, he requested a total of $93,019.68, with $60,308.90 in attorneys' fees and $32,710.78 in costs. Motion, ECF No. 217. Respondent filed his response the same day, stating he was satisfied that the statutory requirements for an award of fees and costs are met here. Response, ECF No. 218. Petitioner did not file a reply. Subsequent filings confirmed the accurate amount requested was $87,819.68, with $60,308.90 in attorneys' fees and $27,510.78 in costs.[3]

This matter is now ripe for consideration.

## I.    Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, because petitioner was awarded compensation pursuant to a proffer, he is entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II.    Discussion

### A.  Reasonable Hourly Rate

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011)

---

[3] Upon review of petitioner's motion, Chambers noticed an error in the economist's invoice. This error was relayed to counsel, who then filed a corrected invoice on behalf of his expert. ECF No. 220.

(citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[4] Mr. Gage has been awarded non-forum rates, given that the substantial majority of the work on his cases is performed in Wyoming. *See Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2016 WL 3944701 (Fed. Cl. Spec. Mstr. May 20, 2016).

Petitioner requests the following hourly rates for the work of his counsel Mr. Gage and his firm:

| Name | 2021 | 2022 | 2023 | 2024 | 2025 |
|------|------|------|------|------|------|
| Richard Gage | $362 | $393 | $422 | $441 | $450 |
| Kristen Blume | - | $393 | - | $441 | - |
| Paralegals | $130 | $141 | $152 | $152/159 | $162 |

Motion at 1-66. The majority of the requested rates have been awarded. *See Ferguson v. Sec'y of Health & Human Servs.*, No. 17-1737V, 2022 WL 1467655 (Fed. Cl. Spec. Mstr. Apr. 12, 2022); *Crawford v. Sec'y of Health & Human Servs.*, No. 18-198V, 2024 WL 4043704 (Fed. Cl. Spec. Mstr. May 29, 2024); *Pasco next friend of M.P. v. Sec'y of Health & Human Servs.*, No. 16-500V, 2024 WL 5379160 (Fed. Cl. Spec. Mstr. Dec. 31, 2024); *Gosselink v. Sec'y of Health & Human Servs.*, No. 18-1358V, 2023 WL 3574562 (Fed. Cl. Spec. Mstr. May 22, 2023). However, Ms. Blume has previously been awarded $386 for work performed in 2022 rather than the requested $393. *See id.* This results in a **reduction of $2.10**.[5] Further, it does not appear that a reasonable hourly rate for 2025 has been determined for Mr. Gage or his paralegals. Nevertheless, based on review of the billing record, the overall amount billed in 2025 by both Mr. Gage and his paralegals is reasonable.

**B. Hours Reasonably Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health &*

---

[4] The OSM Attorneys' Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claims website at http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[5] 0.3 x $393 – (0.3 x $386) = $2.10.

*Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08–756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14–1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728–29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Upon review, the undersigned finds that the number of hours billed appears reasonable. The billing entries adequately describe the work performed and corresponds with the amount of time spent on that work.

Accordingly, petitioner is entitled to a final award of attorneys' fees in the amount of $60,306.80.[6]

## C. Reasonable Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $27,510.78[7] in costs.[8] Motion at 7, 68-86. These expenses include the cost of obtaining medical records, making copies, and a bank wire transfer fee. *Id.* These administrative costs are typical in Vaccine Program cases and were reasonably incurred in this matter. The remaining costs are associated with petitioner's economist and life care planner. *Id.*

Petitioner requested $13,888.16 for his life care planner at Re-Entry Rehabilitation Services, who billed at a rate of $185 or $225 for 73.50 hours of work. The total also reflects money expended during the life care planner's visit with petitioner, including airfare, a rental car, and lodging. Motion at 68, 70-82. The requested rates are consistent with what has been awarded in other rulings. *See Desai v. Sec'y of Health & Human Servs.*, No. 14-811V, 2018 WL 6819551 (Fed. Cl. Spec. Mstr. Nov. 27, 2018). Accordingly, the undersigned finds the billing rate

---

[6] $60,308.90 - $2.10 = $60,306.80.

[7] *Supra* note 3.

[8] Petitioner affirmed that he incurred no personal expenses related to his claim. Motion at 87.

reasonable. The number of hours seems a bit high, particularly considering the life care planner's invoice from the Motion for Interim Fees and Costs documented 45 hours of work on this case, which was reimbursed in part; thus, in total, the life care planner spent 118.50 hours on this matter. *See* ECF Nos. 124, 156. However, I recognize that this has been a long case with a voluminous record. This time also reflects a site visit with petitioner at his home in Florida. Further, the life care planner appears to have heeded my warning from the decision on interim fees as the invoice currently before me contains more detailed time entries and appropriately bills at half the regular hourly rate for time spent traveling. Finally, petitioner included the appropriate receipts to support his request for reimbursement of costs associated with the site visit. For these reasons, I find the costs associated with the life care planner to be reasonable and award them in full.

Petitioner requested $9,900.00 on behalf of his economist Dr. Mark McNulty for his final three reports in this case.[9] Motion at 68, 84-85. Dr. McNulty has been awarded the requested rate of $400.00 per hour, and I find the time spent on this matter across three additional expert reports to be reasonable. *See Hodkinson v. Sec'y of Health & Human Servs.*, No. 14-660V, 2021 WL 5711949, at *4 (Fed. Cl. Spec. Mstr. Nov. 2, 2021).

Accordingly, petitioner is awarded $27,510.78 in final costs.

### III.    Conclusion

In accordance with the foregoing, petitioner's motion for attorneys' fees and costs is **GRANTED in part**. Petitioner is hereby awarded attorneys' fees and costs in the **total amount of $87,817.58,** representing $60,306.80 in fees and $27,510.78 in costs, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[10]

**IT IS SO ORDERED.**

<u>**s/Mindy Michaels Roth**</u>
Mindy Michaels Roth
Special Master

---

[9] *Supra* note 3.
[10] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).